**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.** **4:21-CR-00264-01-JM**

**REMY WRIGHT**

**ORDER**

Pending are Wright's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255 (Doc. No. 153) and Wright's request for hearing (Doc. No. 154). For the reasons set out below, the motions are DENIED.

## I. BACKGROUND

Arkansas State Police Trooper Anthony Worn stopped Petitioner Remy Wright on US Highway 67 for speeding. Worn's police cruiser had a WatchGuard dashcam recording system and the system began recording prior to the stop. As Worn approached Wright's vehicle Wright opened the driver's side door, held out a can of beer, and proceeded to exit the vehicle. Wright admitted that he was speeding and drank one beer. Wright was arrested and Worn conducted a search of Wright's vehicle where he found a Kel-Tec Sub-2000 nine-millimeter carbine.

On March 11, 2024, a jury found Wright guilty of being a felon in possession of a firearm. (Doc. No. 108). On August 16, 2024, the Court sentenced him to seventy-five (75) months imprisonment and three (3) years of supervised release. (Doc. No. 130). Wright appealed and the Eighth Circuit affirmed. (Doc. No. 149).

Wright claims that his trial counsel was ineffective for her failure to file a motion to suppress, develop the record, object to limitations on Worn's cross examination, effectively challenge Worn's credibility, and argue the significance of the traffic stop video.

## II. DISCUSSION

### A. Ineffective Assistance

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that counsel's performance fell below an objective standard of reasonableness. See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987). He must identify the lawyer's acts or omissions that are alleged to constitute unreasonable professional judgment. *Strickland,* 466 U.S. at 690. Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995). Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

If Petitioner establishes deficient performance by her lawyer, she still must establish prejudice. *Strickland*, 466 U.S. at 694. This requires Petitioner to demonstrate that, but for her lawyer's errors, there is a reasonable probability the result of the proceeding would have been different. *Id.*("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759. So, the test has two parts: deficient performance and prejudice. If Petitioner fails to establish either part of this test, the Court need not consider the remaining part of the test. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

## III. PETITIONER'S CLAIMS

All of Petitioner's claims of deficient performance by his counsel relate to the traffic stop video and the examination of Trooper Worn. Wright claims that his counsel failed to file a motion to suppress the evidence from the stop. Defense counsel, in fact, filed two motions to suppress the evidence found at the traffic stop and a hearing was held to consider the motion on February 8, 2024. (Doc. No. 45, 78, 96, 124). The United States called Officer Worn as a witness and the defense cross-examined him. (Doc. No. 124). Trooper Worn testified that he believed Wright was the only vehicle on the road when Worn's radar detected him speeding. (Hearing Tr., Doc. No. 124 at 50:21-23). After watching the complete video of the traffic stop prior to the suppression hearing and observing the testimony of Worn, the Court found that Worn had probable cause to stop Wright for speeding and Worn did not violate Wright's constitutional rights. The motion to suppress was denied.

At the pretrial conference, the United States moved to exclude any argument that the search of Wright's car during the traffic stop was illegal. Defense counsel argued:

> Because it's my position that the stop can be constitutionally valid. However, the officer still could have - - well, did not follow procedure and protocol. . . . For example, I believe the officer has testified that there was only one car in the back, and there is [sic] clearly two cars in the back when [Worn] initiated his radar. Now, I know the Court has ruled that Mr. Wright was speeding. However, whether or not he picked up on one or two cars is kind of whether or not -- I don't want to take anything from the jury, they should be able to decide whether or not what weight and credibility to give to the evidence.

(Tr. Trans., Doc. No. 126 at 8:13-24). The Court granted the Government's motion in limine on this issue because the Court had already ruled that Worn had not violated Wright's constitutional rights during the stop and any evidence regarding the propriety of the stop would be irrelevant. However, the Court stated that objections to any evidence beginning when Worn first saw Wright would be taken on a case by case basis at trial. *Id.* at 13:9-14:5.

On cross-examination at trial, defense counsel asked Worn whether he had clocked two vehicles before he stopped Wright for speeding.

Q You just recently saw the video in open court today, correct?

A. Correct.

Q And saw there were two headlights, two different sets of cars, correct?

A Correct.

Q And you were able to clock Mr. Wright's car and not the other vehicle?

A Correct. I can clock multiple vehicles. It switches back and forth from the fastest to the slowest speed vehicle.

Q What speed was the other vehicle traveling?

A I don't know.

*Id.* at 47:6-17.

The United States objected to the questioning based on the Court's previous ruling that Worn had probable cause to stop Wright. At a sidebar, defense counsel argued, "It's relevant because it is not - - I think the jury should be able to make the determination as to if he possibly clocked the wrong car." *Id.* at 48:7-9. Counsel also argued that the video showing two vehicles went to Worn's credibility. *Id.* at 48:16-18. Wright's co-counsel argued that the defense should be able to question Worn about Wright's actions during the stop to discredit Worn's actions. *Id.* at 50:4-24. The Court reiterated that the determination had already been made that Wright was speeding at the time he was stopped and the fact that there were two vehicles on the roadway was irrelevant to the issues for the jury to determine, *i.e.*, whether Wright had possession of the firearm. *Id.* at 48:10-15, 49:2-4, 49:21-24. The Court found that questions to Worn about Wright's behavior was also not relevant to the jury's determination.

Defense counsel argued the significance of the video on multiple occasions. The United States played the video for the jury at trial and as stated, defense counsel questioned Worn about the video. Wright cannot claim that his counsel's performance was ineffective for failing to present and argue the significance of the video because his counsel made the argument both before and at trial and the video was shown to the jury. Wright has not shown that his counsel's arguments, or the alleged failures to argue about the video were outside the wide range of professionally competent assistance. He has not shown that there was exculpatory evidence that his counsel would have found if she had done a more thorough investigation. With the exception of his argument about the video, Wright has not shown any issues regarding Worn's credibility that his counsel should have presented at trial. Defense counsel asked Worn during the suppression hearing whether his radar gun certification was up to date at the time of Wright's traffic stop. Worn testified that his certification was current. Wright does not allege that there were other specific questions his counsel should have asked Worn to discredit him. The fact that Wright's counsel did not perform Worn's cross-examination exactly how Wright wanted does not mean it amounted to deficient performance.

A § 2255 petition is not intended to be a "Monday-morning quarterback session." *Schumacher v. Hopkins*, 83 F.3d 1034, 1036–37 (8th Cir. 1996) ("In considering the first prong, we must defer to counsel's strategic decisions and must not succumb to the temptation to be Monday morning quarterbacks."). Typically, "strategic decisions [are] virtually unchallengeable unless they are based on deficient investigation, in which case the 'presumption of sound trial strategy . . . founders on the rocks of ignorance.'" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) (quoting *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005)).

The allegations here fall far short of the high bar set in *Strickland* for proving professionally incompetent assistance of counsel. Even if Wright's complaints about his counsel's performance established deficient performance, he has not established prejudice. He failed to present any evidentiary support or reliable argument that these alleged deficiencies, separately or in combination, affected the outcome of his case or would counter the substantial evidence supporting his guilt.

## IV. CONCLUSION

For these reasons, 28 U.S.C § 2255 (Doc. No. 153) and Wright's request for hearing (Doc. No. 154). are DENIED.

IT IS SO ORDERED this 19th day of August, 2026.

James M. Moody Jr.
United States District Judge